

# The Attorney General of Texas

March 5, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bill M. White
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas 78205

Opinion No. MW-144

Re: Edwards Underground Water District Taxing Authority.

Dear Mr. White:

You have requested our opinion on the following three questions:

1. Does the Edwards Underground Water District have the authority to levy taxes in any year in an amount less than the statutory rate of two cents per one hundred dollars assessed valuation?

2. If the Edwards Underground Water District has the authority to levy taxes in an amount less than two cents per one hundred dollars assessed valuation, does the District have the authority to levy such tax in different amounts in the five counties of the District in any one year?

3. If the Edwards Underground Water District is not authorized to levy taxes in an amount less than two cents per one hundred dollars assessed valuation, is the District subject to the provisions of the 'Truth in Taxation' statute, TEX. REV. CIVIL STAT. ANN., Article 7244c?

Legislation creating the Edwards Underground Water District was enacted in House Bill 7, Acts 1959, of the 56th Legislature (formerly cited as article 8280-219, V.T.C.S.).

The act provides in section 10, relating to the "Levy and Collection of Taxes," that

> The District ... is hereby authorized to levy an annual tax in each calendar year upon all property subject to District taxation <u>of two cents (2¢)</u> on each

> One Hundred Dollars ($100) of assessed valuation <u>based upon the valuation of taxable property for county tax purposes</u> in each of the county areas within the District; that is, the District <u>shall adopt for each county</u> or all of that part of a County in the District, <u>the County tax roll and tax valuations</u> for the current year for the lands and other taxable property located within each county area.

Acts 1959, 56th Leg., ch. 99, at 177. (Emphasis added).

Section 11 of the act relates to "Voting of Additional Tax," and permits an increase in the tax rate, providing that

> ... an election may be held within such county area [within the District] for the purpose of voting upon and authorizing the levy of taxes <u>in addition to the two cents (2¢)</u> per One Hundred Dollars ($100) <u>as hereinabove provided,</u> but not to exceed an additional annual tax of twenty-three (23¢) on the One Hundred Dollars ($100) <u>of the County valuations</u> of property subject to District taxation within a county area included in the District. <u>Said additional taxes may be voted and thereafter collected in one or more county areas, whether or not other county areas in the District vote additional taxes.</u> (Emphasis added).

Id.

The clear language of section 10 establishes authority for the District to levy an annual tax "of two cents (2¢)" on each $100 assessed valuation "based upon the valuation of taxable property for county tax purposes in each of the county areas within the District; ..." This unequivocal and unqualified language permits no inference that the District may levy a tax of either less or more than this fixed amount, unless authority can be found elsewhere in the statute. Section 11 underscores the minimum nature of the two-cent rate established by section 10, by setting out a procedure for an increase in the amount which may be levied, up to an additional 23 cents per $100 assessed valuation.

In all cases the District is instructed to "adopt for each county or all of that part of a county in the District, the County tax roll and tax valuations for the current year for the lands and other taxable property located within each county area." Sec. 10. This language in section 10 is equally unequivocal and expresses the intent of the legislature that the District be bound by the tax rolls and valuations established in each of the various counties which lie wholly or partly within the district. Therefore, the District has no discretion to charge varying rates or to adjust valuations within the District for any purpose, except as provided in section 11.

Section 11 allows for disparity only in the rate imposed, and then only in an amount "in addition to the two cents (2¢) . . . as hereinabove provided [in section 10]." Disparity in the rates between the counties is permitted if properly approved by the Board of Directors of the District and authorized by a properly conducted election within the affected county

area within the District, "whether or not other county areas in the District vote additional taxes."

Article 7244c, V.T.C.S., relates to "Increases in effective tax rate by [a] taxing unit," and sets out the procedure for calculating the effective tax rate, the limitations on increasing the effective tax rate, the requirement of a public hearing together with the notice and procedure for conducting the hearing, and the requirement and method of notice of reappraisal. In addition, section 6 of the article defines a taxing unit affected as "a special district . . . that is authorized to impose and is imposing ad valorem taxes on property."

Clearly, the Edwards Underground Water District comes within this definition, and is bound by the notice and hearing requirement imposed by the article when the tax rate is effectively increased, because it is required to formally "adopt" its mandated rate and the respective counties' valuations annually, even though the district lacks authority or discretion to alter downward either the statutory rate or the county valuations which may result in an effective increase in the rate.

Section 4(d) of article 7244c states that "The governing body of a taxing unit may decrease the official tax rate for the current year at any time." However the caption of section 4 relates it to "adoption of Increased Tax Rate" this language is included for the purpose of permitting any affected taxing authority which has discretion to do so, to reduce its effective tax rate without the burden of the notice and hearing requirements imposed for an increase in the rate. It does not supersede or override the mandatory two-cent rate set out in the act creating the district.

The statutory scheme established for the Edwards Underground Water District by the legislature leaves the District with the options only of levying a tax at the two cent rate in any given year, based on the assessed valuations of the respective county areas in the District, of increasing the rate by following a stated procedure or of levying no tax at all throughout the District in a given year. Any alterations or additional options in this statutory scheme must be provided by the legislature.

## S U M M A R Y

The Edwards Underground Water District does not have authority to levy taxes in any year in an amount less than the statutory rate of two cents per one hundred dollars assessed valuation. Statutory language permitting the District to levy taxes in different amounts in the five county areas of the District in any one year pertains only to increases in the tax rate above the statutory two cent rate. The District is subject to the provisions of the "Truth in Taxation" statute, article 7244c, V.T.C.S., even though it lacks authority or discretion to alter the rate and valuations to avoid an increase in the effective rate.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bob Gammage
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
Myra McDaniel